ERIKSON *v*. ALPENA CIRCUIT JUDGE.[1]

MANDAMUS—PLEADING—ANSWER—SUFFICIENCY.

In a mandamus against a circuit judge, a motion to strike portions of his answer, on the ground that they relate to matter not within the knowledge of respondent, or based on the records and files in the cause, will be denied, the proper practice being to call the attention of the court on the hearing to such parts of the answer as are not entitled to consideration.

Mandamus by Charles S. Erikson to compel Frank Emerick, circuit judge of Alpena county, to vacate an order denying a writ of audita querela: On motion to strike from the files parts of the return of respondent. Submitted October 18, 1904. (Calendar No. 20,466.) Motion denied October 26, 1904.

*A. H. McMillan* ( *Fred L. Eaton,* of counsel ), for relator.

*Ward B. Connine,* for respondent.

PER CURIAM. The relator moves that we strike from the answer all matter not shown to be within the personal knowledge of the respondent, or based on the records and files in the cause. We are cited to no case which prescribes the practice resorted to by the relator of asking us to mutilate the judge's answer to the order to show cause. The value of the writ of mandamus consists largely of its summary character, and we are loath to ingraft upon the practice any unnecessary feature that will impair its efficiency. A better practice is to call the attention of the court, upon the hearing, to such parts of the answer and accompanying papers as are not entitled to consideration, when they can be eliminated or disregarded, care being taken to avoid a waiver through pleading subsequent to the answer.

[1] Rehearing denied March 7, 1905.